**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. 1:11-cv-454 |
| PLAINTIFF, ) | |
| ) | |
| V. ) | COMPLAINT AND |
| ) | JURY TRIAL DEMAND |
| WINDMILL INTERNATIONAL, INC. ) | |
| ) | |
| DEFENDANT. ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nancy Hajjar. As alleged with greater particularity below, Windmill International, Inc. subjected Hajjar to disability discrimination by terminating her because of an actual and/or perceived impairment of her circulatory or cardiovascular functions.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of New Hampshire.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, as amended by the ADAAA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4.      At all relevant times, Defendant was a New Hampshire corporation doing business in New Hampshire and continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Hajjar filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      In or around April 2010, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112, as outlined below:

a.      Nancy Hajjar was an employee of Defendant.  On or around March 22, 2010, Hajjar disclosed to Defendant that she had blocked carotid arteries, a potentially life-threatening

impairment of her circulatory function that would likely require surgery on her carotid arteries. On or around April 5, 2010, Hajjar informed Defendant that she would need to take time off for the surgery, and that she might need heart surgery as well.

      b.      On April 12, 2010, Defendant terminated Hajjar's employment, allegedly for poor performance. Prior to terminating Hajjar's employment, Defendant failed to place Hajjar on a Performance Improvement Plan ("PIP").

      c.      By terminating Hajjar's employment for alleged poor performance without first placing her on a PIP, Defendant treated Hajjar differently from similarly situated employees who, despite their alleged similar performance issues, were placed on PIPs and not terminated.

      d.      Defendant's explanation for why it terminated Hajjar and why it did not place her on a PIP is pretextual, as the employees who were placed on PIPs and not terminated were similarly situated to Hajjar.

      e.      Defendant terminated Hajjar because of an actual and/or perceived impairment of her circulatory or cardiovascular functions.

      9.      Defendant's termination of Hajjar's employment violated the ADA.

      10.      The unlawful employment practices complained of above were intentional.

      11.      The unlawful employment practices complained of above were done with malice or reckless indifference to Hajjar's federally protected rights.

      12.      The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Hajjar by depriving her of equal employment opportunities in violation of the ADA.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices.

C.	Order Defendant to make Hajjar whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay and reinstatement.

D.	Order Defendant to make Hajjar whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, humiliation, embarrassment, and loss of enjoyment of life in amounts to be determined at trial.

E.	Order Defendant to pay Hajjar punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.	Grant such further relief as the Court deems necessary and proper in the public interest.

G.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 22, 2011

                                              Respectfully submitted,
P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

/s/Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

/s/Robert D. Rose_____
Robert D. Rose
Supervisory Trial Attorney
Robert.rose@eeoc.gov

/s/Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov